E-FILED
Friday, 23 October, 2015  06:40:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY L. INGENHUTT and TERESA L. ODELL,<br><br>      Plaintiffs,<br><br>  v.<br><br>STATE FARM INVESTMENT MANAGEMENT CORPORATION,<br><br>      Defendant. | NO. 15-cv-01303-JES-JEH<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant State Farm Investment Management Corporation ("SFIMC") respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint filed by the plaintiffs in this action. In support of this motion, SFIMC submits the accompanying Memorandum of Law, the Declaration of Robert A. Skinner (the "Skinner Declaration"), with attached exhibits, and the Request for Judicial Notice of the documents attached to the Skinner Declaration.

The plaintiffs have failed to state a claim against SFIMC in its role as investment adviser to five State Farm LifePath Funds (the "Funds") because the Complaint fails to plead the threshold elements of a claim for "excessive" mutual fund fees under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b). First, with respect to three of the five Funds, the plaintiffs lack standing to sue because they have not alleged ownership of shares in those funds. *See id.* (authorizing "a security holder" of a mutual fund to sue); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing is lacking under Article III of the U.S. Constitution where a

plaintiff has no "personal stake" in the outcome of the litigation). Second, the plaintiffs' claim that SFIMC charged the Funds "excessive fees" is facially deficient because the Complaint fails to plead facts to support a plausible conclusion that the challenged fees are outside the range that could have been negotiated at arm's length. *See Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010) ("To face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and *could not have been* the product of arm's-length bargaining.") (emphasis added); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (viable claim must be "plausible on its face").

WHEREFORE, for the reasons set forth in this motion and the supporting Memorandum of Law, SFIMC respectfully requests that this Court dismiss the plaintiffs' claim.

Pursuant to Local Rule 7.1(A)(2), SFIMC requests oral argument on the grounds that it believes oral argument may assist the Court in deciding the issues presented by the instant motion.

Dated: October 23, 2015                                   Respectfully submitted,

                                                          /s/ Timothy L. Bertschy
                                                          Timothy L. Bertschy/ARDC #199931
                                                          Nathan R. Bach/ARDC #6292316
                                                          **Heyl, Royster, Voelker & Allen, P.C.**
                                                          300 Hamilton Boulevard
                                                          Peoria, IL 61601-6199
                                                          Tel: (309) 676-0400
                                                          Fax: (309) 676-3374
                                                          TBertschy@heylroyster.com
                                                          NBach@heylroyster.com

*Of Counsel*

John D. Donovan, Jr.
Robert A. Skinner
Amy D. Roy
**Ropes & Gray LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
john.donovan@ropesgray.com
robert.skinner@ropesgray.com
amy.roy@ropesgray.com

*Attorneys for Defendant State Farm Investment Management Corporation*

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 23, 2015.

                                                /s/ Timothy L. Bertschy
                                                Timothy L. Bertschy