E-FILED
Tuesday, 09 August, 2016  05:27:05 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY L. INGENHUTT and TERESA L. ODELL,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE FARM INVESTMENT MANAGEMENT CORPORATION,<br><br>　　　　　Defendant. | NO. 15-cv-01303-JES-JEH<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant State Farm Investment Management Corp. ("SFIMC") respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Amended Complaint ("SAC") filed by the plaintiffs in this action.[1]  In support of this motion, SFIMC submits the accompanying Memorandum of Law, the Declaration of Robert A. Skinner (the "Skinner Declaration"), with attached exhibits, and the Request for Judicial Notice of the documents attached to the Skinner Declaration.

The plaintiffs have once again failed to state a claim against SFIMC in its role as investment adviser to two State Farm LifePath Funds (the "Funds").  The SAC, like its predecessors, fails to plead the threshold elements of a claim for "excessive" mutual fund fees under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b). Specifically, the SAC suffers from the same defects that the Court identified in dismissing the

---

[1] In a separate motion filed concurrently herewith, SFIMC moves to strike the Declaration of Steve Pomerantz, Ph.D., attached to the SAC.

plaintiffs' First Amended Complaint – it relies on "artfully craft[ed] 'facts' that are in reality speculative assertions" and "do[es] not set forth factual allegations calling into question whether the fees charged by SFIMC are beyond the range of what could have been bargained at arms-length." Order at 6, 8 (ECF No. 34); *see Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010) ("To face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and *could not have been* the product of arm's length bargaining.") (emphasis added).

WHEREFORE, for the reasons set forth in this motion and the supporting Memorandum of Law, SFIMC respectfully requests that this Court dismiss the plaintiffs' claim with prejudice.

Pursuant to Local Rule 7.1(A)(2), SFIMC requests oral argument on the grounds that it believes oral argument may assist the Court in deciding the issues presented by the instant motion.

Dated: August 9, 2015

Respectfully submitted,

/s/ Nathan R. Bach
Timothy L. Bertschy/ARDC #199931
Nathan R. Bach/ARDC #6292316
**Heyl, Royster, Voelker & Allen, P.C.**
300 Hamilton Boulevard
Peoria, IL 61601-6199
Tel: (309) 676-0400
Fax: (309) 676-3374
TBertschy@heylroyster.com

*Of Counsel*

John D. Donovan, Jr.
Robert A. Skinner
Amy D. Roy
**Ropes & Gray LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

-3-

Tel: (617) 951-7000
Fax: (617) 951-7050
john.donovan@ropesgray.com
robert.skinner@ropesgray.com
amy.roy@ropesgray.com

*Attorneys for Defendant State Farm Investment Management Corp.*

-4-

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 9, 2016.

                                      /s/ Nathan R. Bach
                                      Nathan R. Bach