E-FILED
Monday, 07 November, 2016  08:15:44 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMY L. INGENHUTT and TERESA L. ODELL,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>STATE FARM INVESTMENT MANAGEMENT CORPORATION<br><br>　　　　Defendant. | No. 15-cv-01303-JES-JEH |

**PLAINTIFFS' SURREPLY IN FURTHER SUPPORT OF OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ..................................................................................................................... 2

    A.   The SAC Alleges Sufficient Facts Regarding SFIMC's Fees and Services Based on All of the Facts Available to Plaintiffs Without Discovery, and Are Not Contradicted by the Public Record. ........................................................................................................... 2

    B.   Acquired Fund Fees and Expenses and BFA's Fees Are Not Properly Included in a Comparison Designed to Assess Whether the Fees Charged by SFIMC to the Funds Are Excessive. .......................................................................................................................... 4

    C.   *Jones v. Harris,* and *Turner v. Davis* do not support SFIMC's Argument that the Comparators Alleged in the SAC are "Inapt" .................................................................. 6

III. CONCLUSION .................................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Curd ex rel. SEI Int'l Equity Fund v. SEI Investments Mgmt. Corp.*
   No. CIV. A. 13-7219, 2015 WL 423495 (E.D. Pa. July 14, 2015)............................................ 1

*George v. Kraft Foods Global, Inc.*
   674 F. Supp. 2d 1031 ............................................................................................................. 5

*Jones v. Harris*
   559 U.S. 335 (2010)............................................................................................................. i, 6

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*
   786 F.3d 510 (7th Cir. 2015) ................................................................................................. 3

*Sivolella v AXA Equitable Life Ins. Co.*
   No. 11-CV-4194, ECF No. 27 (Sept. 25, 2012) ...................................................................... 8

*Sivolella v AXA Equitable Life Ins. Co.*
   No. 11-CV-4194, ECF No. 168 (Aug. 5, 2015)........................................................................ 8

*Sivolella v. AXA Equitable Life Ins. Co.*
   No. 11-CV-4194, 2016 WL 4487857 (D.N.J. Aug. 25, 2016) .......................................... 1, 3, 8

*Turner v. Davis Selected Advisers*
   626 F. App'x 713 (9th Cir. 2015) ........................................................................................ i, 6

**Federal Statutes**

   15 U.S.C. Section 80a-35(b) .................................................................................................. 6

## I.   INTRODUCTION

Pursuant to this Court's Order of October 21, 2017, Plaintiffs submit this surreply to address briefly the arguments Defendant sets forth in its Reply, many of which mischaracterize the Second Amended Complaint ("SAC") and the law.

To state the obvious, the motion now pending before the Court is not a motion for summary judgment. Nor is the Court here faced with a post-trial determination of whether Plaintiffs have presented sufficient evidence to prove their claims, as was the Court in *Sivolella v. AXA Equitable Life Ins. Co.* No. 11-CV-4194, 2016 WL 4487857 (D.N.J. Aug. 25, 2016), on which Defendant relies. This is a motion to dismiss, which must be denied if Plaintiffs ***allege*** "any combination of facts that plausibly support an inference that a particular fee, given all of the surrounding facts and circumstances, is disproportionately large to the services rendered in exchange for that fee." *Curd ex rel. SEI Int'l Equity Fund v. SEI Investments Mgmt. Corp.,* No. CIV. A. 13-7219, 2015 WL 423495, at *4 (E.D. Pa. July 14, 2015) (internal quotation marks omitted). Plaintiffs have alleged many such facts, which are summarized in the bullet points set forth at pages 5 and 6 of Plaintiff's Opposition (ECF No. 42). They are not required to prove those facts at this stage of the proceedings, or even present evidence of such facts.

In its Reply, SFIMC continues to insist that it have its cake and eat it too. On the one hand, SFIMC argues that Plaintiffs have not proffered enough detail to support their allegations that that the services SFIMC provides, being exclusive of portfolio management, are insufficient to justify the fee that SFIMC collects from the Funds for such services.  Def.'s Reply ("Reply") at 2, 11-12. This is untrue, for the reasons stated herein and in Plaintiffs' Opposition. At the same time, SFIMC has steadfastly resisted any discovery that would permit the more detailed allegations that it insists are required. Instead, it erroneously contends that public SEC filings provide Plaintiffs with the

1

additional detail it insists is required and, in fact, contradict the allegations of the SAC. This is untrue because information about the costs of services, the resources required to provide those services and the exact nature of the services actually provided by SFIMC or any other mutual fund adviser are confidential, *non-public* and can only be obtained through discovery.

SFIMC also continues to argue that fees paid to other investment advisers for managing underlying funds in which a fund of fund invests should be included in any comparison to SFIMC's fees, even though SFIMC does not manage any underlying funds. Such an analysis is contrary to Section 36(b) and to the allegations of the SAC, which are focused on SFIMC's fiduciary duty with respect to *its* fees only for the services that *it* provides.

Finally, SFIMC mischaracterizes Plaintiffs' comparisons of its fees to the fees of managers of funds of funds and index funds in an attempt to label them as "inapt," when such comparisons are, in fact, probative and compelling because SFIMC provides fewer services than provided by the managers of the comparator funds.

In sum, SFIMC's arguments are devoid of merit and its Motion to Dismiss should be denied.

## II.   ARGUMENT

### A.   The SAC Alleges Sufficient Facts Regarding SFIMC's Fees and Services Based on All of the Facts Available to Plaintiffs Without Discovery, and Are Not Contradicted by the Public Record.

The SAC alleges that the 22 so-called "Management Services" provided by SFIMC for the Funds are minimal, ministerial and administrative in nature, require few resources, do not differ from fund to fund within a mutual fund family, are performed by every mutual fund adviser as part of its normal operations, and "cost a very small fraction of" the 28 basis point fee charged. SAC

¶¶ 56-58, 69. Pomerantz ¶ 17. The SAC compares the Funds to similar fund of fund arrangements ("Comparators"), demonstrating the Comparators' much lower fees. SAC ¶¶ 59-67.

SFIMC faults Plaintiffs for failing to allege specifically the "fees, costs, and nature of" each of the "Management Services."  Reply at 12. In doing so, SFIMC attempts to sidestep this Circuit's rule of *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510 (7th Cir. 2015): "We cannot expect, nor does Federal Rule of Civil Procedure 8 require, a plaintiff to plead information she could not access without discovery". SFIMC claims that, "the pleading's shortcomings are not the result of information peculiarly in SFIMC's possession," but rather are, "the result of conclusory assertions *contradicted by the public filings*."  Reply at 12. (Emphasis added). Such a claim is inaccurate in two respects. First, there are no SEC filings or other publicly available documents that contain information about the costs investment advisers incur in providing management services to mutual funds, the resources they expend in providing those services, or even the precise nature of the services *actually* provided (as opposed to broad and general descriptions of services listed in advisory agreements).[1] Such information is available only through discovery, including, for example, profitability reports, financial statements and other materials that might be made available to the fund's board as part of the annual contract review process but are not otherwise made public.[2]

---

[1] As the Court noted in *Sivolella v. AXA Equitable Life Ins. Co.* 2016 WL 4487857 at *17, the services that an adviser actually provides may vary from those stated in the investment advisory agreement.

[2] Thus, SFIMC's attempt to distinguish this case from the multiple authorities cited in Plaintiffs' opposition holding that a Plaintiff may not be required to allege facts that are unavailable without discovery (Reply, at 12, n. 5) is not well taken.

Second, nothing in the public filings contradicts the allegations of the SAC. Indeed, it is not even clear which documents SFIMC contends contradict Plaintiffs' allegations concerning the fees charged by SFIMC and the services provided by it to the Funds. To the extent that it is referring to the Comparator SEC prospectuses disclosing Acquired Fund Fees and Expenses ("AFFE") as a basis for its argument that the AFFE should be included in the comparison, that argument is without merit, as discussed below and in Plaintiffs' Opposition at 25-26. As noted, though, the SEC disclosures do not itemize the "fees, costs, and nature of" any of the "Management Services" that are the subject of the SAC. Rather, SEC disclosures relating to Annual Fund Operating Expenses merely itemize: "Management fees," "Distribution and service (Rule 12b-1) fees," "Other Expenses," and "Acquired Fund Fees and Expenses." *See* Decl. of Robert A. Skinner ("Request for Judicial Notice"), Exhs. G-N. ECF No. 12-2. This is because SFIMC's ministerial "Management Services," which every mutual fund receives, SAC ¶ 56, in reality justifies only minimal cost, and requires no itemized disclosure.

**B.**   **Acquired Fund Fees and Expenses and BFA's Fees Are Not Properly Included in A Comparison Designed to Assess Whether the Fees Charged by SFIMC to the Funds Are Excessive.**

In its Request for Judicial Notice,[3] SFIMC refers to the public SEC filings of the Comparators[4] and argues that the "total fees" SFIMC and non-affiliated adviser BFA charge to both the Funds and the BFA Funds are actually lower than the Comparators. *See* MTD at 15, 20; Reply at 4. Even if this were true, such analysis is irrelevant. Plaintiffs have sued SFIMC under Section 36(b) for a breach of *its* fiduciary duty with respect to the compensation *it* receives from the Funds. Accordingly, the compensation that BFA receives for managing the Blackrock Portfolio into which SFIMC deposits the assets from the LifePath Funds is simply not at issue in this case. All that is at issue is SFIMC's compensation received from the Funds, and the services it actually provided to the Funds in exchange for that compensation. Likewise, because the AFFE represents compensation that an investment adviser receives for managing the "underlying funds," not the LifePath comparator "fund of funds," it has no place in the comparison. Simply put, SFMIC does not manage any underlying funds, so its compensation should not be compared to an amount that combines the fees for managing both the underlying funds and the fund of funds.

---

[3] Plaintiffs filed a response to Defendant's Request for Judicial Notice (ECF No. 44) in which they noted, among other things, that SFIMC had mislead the Court concerning the proper scope of judicial notice of SEC filings. In particular, such filings are not judicially noticeable for the truth of all facts stated therein. *George v. Kraft Foods Global, Inc.*, 674 F. Supp. 2d 1031, 1044 ("a court may take 'judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain, but not for the proof of the facts stated therein.'"). Defendant's only response to this argument is that the accuracy of the SEC filings is not subject to reasonable dispute. Def.'s Reply at 3, n. 1. But this is not necessarily true, particularly with respect to filings containing statements about the services provided by SFIMC or matters considered by the Board in its review of SFIMC's fees. Consideration of the SEC filings for the truth of the statements contained therein at this stage of the litigation is contrary to *Kraft Foods* and other authorities addressing judicial notice of SEC filings and would clearly be improper because the statements are hearsay. Fed. R. Ev. 801, 802; Plaintiffs have had no opportunity whatsoever to seek discovery or cross examination SFIMC on the truth of the matters asserted in these filings. *See* Pls.' Resp. to Def.'s Req. for Judicial Notice. ECF No. 44.

[4] *See* Decl. of Robert A. Skinner; Exhs. G-N. ECF No. 12-2.

Plaintiffs' theory of liability does not "place form above substance," as SFIMC claims, Reply at 4, but rather is based on the clear and plain language of Section 36(b). *See* 15 U.S.C. § 80a-35(b) ("the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company or by the security holders thereof") (emphasis added). Accordingly, the AFFE should not be included in any comparative analysis of adviser fees in this case.

  **C.**  ***Jones v. Harris,* and *Turner v. Davis* do not support SFIMC's Argument that the Comparators Alleged in the SAC are "Inapt"**

SFIMC argues that Plaintiffs' Comparators represent the type of "inapt comparisons" referred to in *Jones v. Harris*, 559 U.S. 335, 350 (2010), and *Turner v. Davis Selected Advisers*, 626 F. App'x 713, 717 (9th Cir. 2015). Reply at 6. However, SFIMC takes the *Jones* and *Davis* concepts wildly out of context. In *Jones*, the Supreme Court instructed courts to, "give such comparisons the weight that they merit in light of the similarities and differences between the services that the clients in question require, but [they] must be wary of inapt comparisons … [i]f the services rendered are sufficiently different that a comparison is not probative, then courts must reject such a comparison." *Jones* at 350. Here, as discussed below, the comparisons are not only probative, but persuasive.

Although the structure of the LifePath Funds' Master-Feeder arrangement is not identical to that of the fund of fund Comparators, the differences actually weigh in favor of the SAC's allegations that SFIMC's fees are excessive. Managers of funds of funds, for example, might engage in asset allocation decisions and decisions involving the selection of as many as 20 or more underlying funds in which the fund of fund might invest. With respect to the LifePath Funds,

however, SFIMC undertakes no such responsibilities. It simply adopts the investment strategies of existing BlackRock Funds managed by BFA, licenses the "LifePath" name from BlackRock, and deposits the assets it obtains from investors in its own LifePath Funds into the BFA-managed portfolio. Thus, comparisons of SFIMC's fees to the lower fees of advisers that necessarily perform greater services is apt. *See* SAC ¶¶ 62, 63.

Similarly, although the LifePath Funds are not technically "index funds" (i.e., where a fund adviser performs only passive, as opposed to active fund management), the comparison of SFIMC's fees to the fees of managers of index funds is doubly illustrative in revealing the excessiveness of SFIMC's fees. This is because the SFIMC provides the Funds with *no* portfolio management services whatsoever, passive or active. SAC ¶ 54. Thus, the fact that SFIMC charges more for managing the LifePath Funds than are charged for services provided to index funds is an alleged fact that is certainly probative of the excessive nature of SFIMC's fees.

A *Davis* analysis is even more inapposite to this case. *Davis* involved the comparison of index funds with actively managed funds. *Davis* at 716-17 ("The majority of Turner's allegations are grounded in *inapt comparisons*. Turner alleges that the Davis Fund underperformed the S & P 500 Total Return Index, *but unlike an index fund, the Davis Fund is an actively managed fund*."). (Emphasis added.) This is not at all the type of comparison Plaintiffs make in the SAC. They have compared a fund with *no portfolio management* (the Funds) to passively managed funds (the Comparators). SAC ¶¶ 62, 63. Clearly a fund that receives  no portfolio management services from its investment adviser, and yet is being charged more than funds which do receive some portfolio management, is paying excessive management fees.

In its Reply SFIMC notes that the District of New Jersey ultimately chose after trial not to credit the expert opinions of Dr. Pomerantz in *Sivolella v AXA Equitable Life Ins. Co.*, No. 11-CV-

4194, 2016 WL 4487857 (D.N.J. Aug 26, 2016). Def.'s Reply at 2. But the *AXA* Court's factual findings with respect to the weight of Dr. Pomerantz's testimony do nothing to refute the plausibility of the allegations in the SAC in this case. The *AXA* opinion was a *post-trial* opinion. Notably, the Complaint in that action survived both a motion to dismiss, *Sivolella v AXA Equitable Life Ins. Co.*, No. 11-CV-4194, ECF No. 27 (Sept. 25, 2012), and a motion for summary judgment, *Sivolella v AXA Equitable Life Ins. Co.*, No. 11-CV-4194, ECF No. 168 (Aug. 5, 2015). If anything, *AXA* actually supports the existence of triable issues of material fact in this case. The weight a court assigns to testimony after an evidentiary hearing is entirely irrelevant to evaluating the sufficiency of allegations in a complaint under Rule 12(b)(6).

## III.    CONCLUSION

Defendant's Motion to Dismiss misrepresents Plaintiffs' theories of liability and unfairly asks this Court to make merits determinations before Plaintiffs may gain access to the confidential documents necessary to prove their case. That of course, is not the Court's role at this stage of the litigation. The SAC makes well-pleaded and detailed allegations concerning the impermissible disparity between the fees received by SFIMC and the services it performs in exchange for such fees. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety.

Dated: November 7, 2016

Respectfully submitted,

/s/ Mark T. Johnson
Todd M. Schneider, CA Bar No. 158253
Mark T. Johnson, CA Bar No. 076904
Kyle G. Bates, CA Bar No. 299114
**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
2000 Powell Street, Suite. 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
kbates@schneiderwallace.com


Garrett W. Wotkyns, AZ Bar No. 025887
Michael C. McKay, AZ Bar No. 023354
**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
8501 North Scottsdale Rd., Suite 270
Scottsdale, AZ 85253
Telephone: (480) 428-0142
Facsimile: (866) 505-8036
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com


Todd S. Collins, PA Bar No. 29405
Shanon J. Carson, PA Bar No. 85957
Ellen Noteware, PA Bar No.  82711
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
tcollins@bm.net
scarson@bm.net
enoteware@bm.net


J. Barton Goplerud, IA Bar No.AT0002983
**HUDSON MALLANEY SHINDLER &
ANDERSON PC**
5015 Grand Ridge Drive, Suite 100

West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
jbgoplerud@hudsonlaw.net

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Mark Johnson*
Mark Johnson
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7100
mjohnson@schneiderwallace.com