UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY L. INGENHUTT and TERESA L. O'DELL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM INVESTMENT MANAGEMENT CORPORATION,<br><br>Defendant. | NO. 15-cv-01303-JES-JEH<br><br>Rule 16 Scheduling Conference:<br>June 23, 2017 10:15 a.m. (telephonic)<br>Hon. Jonathan E. Hawley |

**JOINT REPORT OF RULE 26(f) PLANNING MEETING**

Counsel for Plaintiffs Amy Ingenhutt and Teresa O'Dell, and Counsel for Defendant State Farm Investment Management Corporation met and conferred telephonically on May 24, 2017 for the purpose of addressing the requirements of Federal Rule of Civil Procedure 26(f), including formulation of a proposed discovery schedule for consideration by the Court. Participating in the Conference on behalf of Plaintiffs were Mark Johnson and Kyle Bates of Schneider Wallace Cottrell Konecky Wotkyns LLP, Ellen Noteware of Berger and Montague, P.C. and Brian Marty of Shindler, Anderson, Goplerud & Weese P.C.  Participating on behalf of Defendant were Robert Skinner, Amy Roy and Christine D'Auria of Ropes & Gray LLP.

**Proposed Discovery Plan**

The parties were not able to reach agreement on all aspects of a proposed discovery plan. Accordingly, in lieu of submitting a Discovery Plan in the form of Attachment A to Your Honor's Standing Order, the parties set forth their respective positions as to proposed discovery and other pre-trial deadlines as set forth below:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1):  June 9, 2017

2. Amendment of the pleadings: July 15, 2017

3. Joining Additional Parties:  July 15, 2017

4. Close of fact discovery:

    a. Plaintiffs: December 15, 2017

    b. Defendant:  June 1, 2018

5. Expert Disclosure and Reports:

    a. Plaintiffs:

        i. Opening Reports due by February 9, 2018

        ii. Rebuttal Reports due by March 9, 2018

    b. Defendant:

        i. Opening Reports due by August 1, 2018

        ii. Rebuttal Reports due by September 1, 2018

6. Completion of expert discovery:  the parties are in agreement that expert discovery can be completed within a period of approximately four (4) months following the completion of fact discovery. The parties are in disagreement over the appropriate length of fact discovery, and therefore the start date for expert discovery.

    a. Plaintiffs: April 20, 2018

    b. Defendant:  October 1, 2018

7. Filing of Dispositive Motions:  the parties are in agreement that dispositive motions can be filed no later than six (6) months following the completion of fact discovery. The parties are in disagreement over the appropriate length of fact discovery.

    a. Plaintiffs: June 5, 2018

    b. Defendant:  December 1, 2018

**Status of the Pleadings**

Defendant filed its Answer to the Second Amended Complaint on May 23, 2017.

**Status of Discovery**

Plaintiffs served an initial set of discovery on Defendant on April 24, 2017, consisting of 31 requests for production of documents pursuant to Federal Rule of Civil Procedure 34 and 20 interrogatories pursuant to Rule 33. Defendant timely served objections and responses to the document requests on May 24, 2017 and to the interrogatories on May 25, 2017. As of the date of this Report, no documents have been produced. Plaintiffs have identified what they believe to be deficiencies in Defendant's objections and responses to which Defendant has provided a response. Among other alleged deficiencies, Plaintiffs contend that Defendant improperly responded to interrogatories by stating its *intention* to produce unidentified documents from which the information sought by the interrogatories could be identified, without actually producing such documents. The parties will continue to meet and confer about the production of responsive documents and, if unable to reach agreement, will bring the disputed issues to the attention of the Court for resolution. No other discovery has been propounded at this point.

**Production of Electronically Stored Information ("ESI")**

Plaintiffs included with their first set of requests for production of documents a protocol to be followed for the production of ESI. On June 13, 2017, Defendant proposed an alternative protocol that it believes is more workable based on the manner in which Defendant's documents are stored. Plaintiffs proposed modifications to this proposed alternative protocol on June 14, 2017. It is anticipated that the parties will continue to meet and confer and come to an agreement about the protocol to be used for the production of ESI and, if unable to reach complete agreement, will bring their differences to the attention of the Court. It is also anticipated that the parties will meet and confer about search terms to be used for the identification of responsive ESI. It is Plaintiffs' position, however, that some categories of documents, including, for example, the 15(c) review materials provided by Defendant to the Trustees

of the Funds, can be readily identified without the use of search terms and should have been produced concurrently with Defendant's written responses.

**Protective Order**

The parties are in the process of meeting and conferring on the terms of a proposed protective order to cover the production of confidential documents and information. Defendant presented Plaintiff with a draft proposed stipulated protective order on June 13, 2017, to which Plaintiffs proposed modifications on June 15, 2017. The parties will submit a proposed stipulated protective order to the Court or, if they are unable to reach complete agreement, bring their differences to the attention of the Court for resolution.

**Modifications to Discovery Limitations**

Plaintiffs propose a limitation of 15 depositions, which will likely include each trustee of State Farm Mutual Funds, Inc., several officers or employees of Defendant State Farm Investment Management Corporation and two or three third party witnesses. Plaintiffs also propose a limit of 30 interrogatories per side.

Defendant proposes that Plaintiffs be limited to taking the ten (10) depositions allowed under Fed. R. Civ. P. 30. Defendant's position is that Plaintiffs' stated intention to take the depositions of all trustees is in direct contravention of Fed. R. Civ. P. 26(b)(2)(C)(i), which prohibits parties from obtaining discovery that is unreasonably cumulative or duplicative. Defendant contends that allowing Plaintiffs to seek discovery from even six different independent trustees who sit on the same board; request, receive and review the same set of materials; and participate in the same board meetings in the process of their review and approval of the annual advisory agreement at issue in the litigation would undermine the intent and purpose of the limitations set forth in Fed. R. Civ. P. 26(b)(2)(C)(i). Defendants will object to such a request on those grounds. Plaintiffs disagree, as the decision-making process of the Trustees is a core aspect of this case and testimony from each Trustee is both relevant and necessary to develop the full picture of that process and the factors considered by each member of

the Board of Trustees and the bases for their approval of the challenged fees. No individual Trustee will be able to testify as to the thought process of any other Trustee and the degree to which that trustee made an informed decision in approving the challenged fees. Plaintiffs also cannot know which of the Trustees will have the best recollection of the events related to the fee approval process and should not be required to rely on Defendant to identify the Trustees that should be deposed.

Defendant also contends that it is far too early in the discovery process for Plaintiffs to purport to need an additional five (5) depositions beyond those contemplated by the federal rules. The parties have only recently exchanged their respective initial disclosures pursuant to Fed. R. Civ. P. 26(a), no documents have been produced and plaintiffs have not taken a single deposition. Further, Defendant believes that since nearly half of the proposed deponents are third parties to the litigation who will have independent counsel presumably objecting to the unreasonably cumulative or duplicative nature of the request to depose each trustee, the granting of five additional depositions on that basis is too speculative at this point in the discovery process. Accordingly, Defendant believes it is premature for Plaintiffs to claim to need the additional discovery requested beyond that permitted by the federal rules. Plaintiff believes, however, that the initial disclosures and currently available information about the scope of this case and the individuals with key relevant information justifies the requested modest expansion of the number of permissible depositions at this time rather than by subsequent motion practice.

Dated: June 20, 2017                                                   Respectfully submitted,

*/s/ Mark T. Johnson*
Todd M. Schneider
Mark T. Johnson
Kyle G. Bates
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite. 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

5

tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
kbates@schneiderwallace.com

Todd S. Collins
Shanon J. Carson
Ellen Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365
tcollins@bm.net
scarson@bm.net
enoteware@bm.net

J. Barton Goplerud
SHINDLER, ANDERSON, GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
jbgoplerud@sagwlaw.com

*Attorneys for Plaintiffs Amy L. Ingenhutt and Teresa L. O'Dell*


*/s/ Amy D. Roy L. Bertschy*
John D. Donovan, Jr.
Robert A. Skinner
Amy D. Roy
**Ropes & Gray LLP**
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
john.donovan@ropesgray.com
robert.skinner@ropesgray.com
amy.roy@ropesgray.com

Timothy L. Bertschy/ARDC #199931
Nathan R. Bach/ARDC #6292316
**Heyl, Royster, Voelker & Allen, P.C.**
300 Hamilton Boulevard
Peoria, Illinois 61601-6199
Tel: (309) 676-0400
Fax: (309) 676-3374
TBertschy@heylroyster.com
NBach@heylroyster.com

*Of Counsel*

*Attorneys for Defendant State Farm Investment Management Corp.*

**SIGNATORY ATTESTATION**

The e-filing attorney hereby attests that concurrence in the content of this document and authorization to file the attached documents has been obtained from each of the signatories indicated by a conformed signature (/s/) within the attached e-filed documents.

*/s/ Mark T. Johnson*
Mark T. Johnson

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 20, 2017.

*/s/ Mark T. Johnson*
Mark T. Johnson